**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Guidant Sales Corp. and
Cardiac Pacemakers, Inc.,

Plaintiffs,

v.

James Niebur and
Jason Sawyer,

Defendants.

Civil No. 01-1772 (DWF/AJB)

**ORDER**

---

Robert L. Schnell, Jr., Esq., Charles F. Webber, Esq., Julie K. Chosy, Esq., and James Poradek, Esq., Faegre & Benson, 2200 Norwest Center, 90 South 7th Street, Minneapolis, Minnesota 55402-3901, counsel for Plaintiffs.

Michael A. Lindsay, Esq. and Charles Moore, Esq., Dorsey & Whitney, Pillsbury Center South, 220 South 6th Street, Minneapolis, Minnesota 55402 and James A. Gale, Esq., and Michael J. Weber, Esq., Feldman, Gale & Weber, 201 South Biscayne Boulevard, 19th Floor, Miami, Florida 33131, counsel for Defendants.

---

The Court filed a Memorandum Opinion and Order in the above-entitled matter on February 7, 2002. The Court hereby respectfully directs that the Clerk of Court remove page 11 of the February 7, 2002, Memorandum Opinion and Order and substitute the attached page 11. The basis for the Court's request is to correct a transcriptional error in the final paragraph of the Court's Memorandum.

Dated: February 11, 2002

DONOVAN W. FRANK
Judge of United States District Court

FEB 11 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

directed to no compelling circumstances in this case to persuade it to decide to the contrary. The Court does not find Sawyer's forum selection clause to be unreasonable, and accordingly, finds venue in Minnesota to be proper, by agreement, with respect to Defendant Sawyer.

Plaintiffs negotiated a valid contractual provision rendering venue in Minnesota to be appropriate with respect to Defendant Sawyer. However, such an agreement cannot be expanded to impose a Minnesota venue with respect to Defendant Niebur, a non-party to the relevant agreement. Conversely, the Court's analysis finding venue to be proper in Central Illinois with respect to Niebur could arguably be applied to Defendant Sawyer as well. However, the Court declines to void a valid agreement between Plaintiffs and Sawyer solely to simplify the current litigation. Common sense and the interests of efficiency would dictate that the litigation against both Defendants would be better waged in the same venue, and, as such, the Court is reluctant to split the case between two venues. However, the Court declines to create a contract for which neither party bargained nor to eviscerate a contract for which sufficient bargain was made. The parties have created the disjunctive situation that will now be faced by two courts. The Court is of the belief that an agreement between the parties could remedy the current situation. Until such event, however, the Court shall maintain jurisdiction over the current action with respect to Defendant Sawyer and will transfer venue for the current action with respect to Defendant Niebur to the Central District of Illinois.

For the reasons stated, **LET IT BE ORDERED** THAT:

1. Defendants' Motion to Dismiss, or, in the Alternative, to Transfer Venue (Doc. No. 35) is **GRANTED IN PART AND DENIED IN PART** such that: